*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF COLUMBIA*

| | |
|---|---|
| HAKAN LANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 97-2523 (JGP) |
| v. ) | |
| ) | |
| ) | |
| GATEWAY 2000, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |
| UNIBOARD AKTIEBOLAG ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 99-3153 (JGP) |
| ) | |
| v. ) | |
| ) | |
| ACER AMERICA CORP. et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### MEMORANDUM OPINION

This matter is before the Court pursuant to **Gateway 2000, Inc.'s Petition For Attorney's Fees And Supporting Memorandum** [#s 131, 118]. Gateway 2000, Inc. is seeking attorneys fees and costs, including pre-judgment and post-judgment interest. As explained more fully below, the Court concludes that Gateway should be awarded a specified amount in attorneys fees, costs, and pre-judgment and post-judgment interest, with various deductions.

### BACKGROUND

On September 6, 2001, the Court granted Gateway 2000, Inc.'s ("Gateway") Motion for

Attorneys Fees against Hakan Lans ("Lans") and Uniboard Aktiebolag ("Uniboard").[1] Gateway subsequently filed it's fee petition against Lans and Uniboard ("Plaintiffs") on November 29, 2001. However, on January 14, 2002, Plaintiffs filed a Motion for Reconsideration of the September 6, 2001 order. The Court denied plaintiffs' motion on June 23, 2005; after which Gateway filed a supplemental petition for fees, costs, and pre-judgment and post-judgment interest.

In Gateway's first petition ("Petition I"), Gateway requests $932,376.54 in attorneys fees, $35,661.72 in expenses, plus pre-judgment and post-judgment interest. Gateway's supplemental petition ("Petition II") requests $175,266.98 in attorneys fees, $9,266.21 in expenses, and post-judgment interest.

**DISCUSSION**

I. *Standard for Determining Attorney Fee Awards*

When assessing whether an attorney fee request is reasonable, the court must multiply the number of hours expended on the litigation by a reasonable hourly rate. Bolden v. J & R, Inc., 135 F.Supp.2d 177, 179 (D.D.C. 2001), citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939 (1983). An attorney's billing rate is presumed reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Cumberland Mountains, Inc. v. Hodel, 273 U.S.App.D.C. 78, 80-81, 857 F.2d 1516, 1518-19 (1988).

The fee applicant bears the burden of establishing entitlement to an award, and

---

[1] The Court found that the case was "exceptional" as required for an award of attorney fees under 35 U.S.C. § 285. See September 6, 2001 Mem. Op.

documenting the appropriate hours expended and the hourly rates. Hensley, 461 U.S. at 437, 103 S.Ct. at 1941. The documentation must be sufficient in detail and probative value to allow the court to determine, with a high degree of certainty, that such hours were actually and reasonably expended. Role Models America v. Brownlee, 359 U.S.App.D.C. 237, 353 F.3d 962, 970 (2004). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433, 103 S.Ct. at 1939. Hence, counsel for the prevailing party should make a good faith effort to exclude hours that are excessive, redundant, or unnecessary. Id. at 434, 1939.

II. *Gateway's Petitions*

A. Reasonableness of Hourly Rates

Plaintiffs claim that the hourly rates in Petitions I and II are unreasonable and not properly supported. They argue that the rates of Gateway's counsel are significantly above the rates specified in the American Intellectual Property Law Association ("AIPLA") surveys for the relevant billing years, and therefore the fee petitions should be reduced by at least 35 percent. See Pls.' Opp. at 8-9; See also Pls.' Opp. To Suppl. at 5-7. In support of Petition I, Gateway submitted a declaration from it's lead counsel stating that the rates charged in the Lans/Uniboard litigation are commensurate with the rates charged by the firm in other complex patent litigation. See Cullum Decl. at ¶ 21. Gateway also submitted a declaration from a partner at a Washington, D.C. based law firm stating that the fees charged by Gateway's counsel are reasonable for the Washington, D.C. area. See Berger Decl. Nonetheless, the AIPLA surveys show that the rates of some of Gateway's counsel are well above the 75th percentile for attorneys of comparable experience. See Pls.' Opp. at 9, Ex.1; See also Pls.' Opp. To Suppl. at 5-7, Ex. I. Courts look to

the AIPLA survey because it takes into account the practice area and experience of the attorney. See Mathis v. Spears, 857 F.2d 749, 757 (Fed. Cir. 1988). Accordingly, Gateway's attorney fees shall be reduced by 10 percent in both Petitions.

B.  Vague Entries

Plaintiffs claim that some of the time entries in Petitions I and II contain descriptions that are improperly vague. See Pls.' Opp. at 4; See also Pls.' Opp. To Suppl. at 4. Petition I includes such vague entries as "telephone conference," and "review documents." Id. This circuit has held that such "generic time entries are inadequate to meet a fee applicant's 'heavy obligation to present well-documented claims.'" Role Models, 353 F.3d at 971, quoting Kennecott Corp. v. EPA, 256 U.S.App.D.C. 218, 222, 804 F.2d 763, 767 (1986). Accordingly, Petition I shall be reduced by $86,974.50.[2] Upon review of Petition II, however, the Court does not find any entries sufficiently vague to warrant a reduction.

C. Unrelated Matters

Plaintiffs claim that Petition I includes time billed for work performed in connection with other litigation.[3] Gateway argues that it's counsel's factual investigation of other litigation involving the patent-in-suit was the for the purpose of formulating strategy. See Gateway's Reply Supp. Pet. I. at 6. Upon review of the entries, the Court agrees with Gateway and will not take any deductions on this basis.

---

[2] This figure includes $80,184.30 for the Lans litigation and $6,790.02 for the Uniboard litigation. Plaintiffs reduced the initial figure by 40% to reflect the non-vague descriptions contained within these entries. See Pls.' Opp. at 4, n. 7.

[3] This includes entries such as "review Micron/Diamond pleadings and case status," and "review...German filing." See Pls.' Opp. at 4, Ex. 2.

Plaintiffs claim that Petition II includes fees for work related to the malpractice action.[4] Petition II contains various related entries such as "research posture of malpractice suit." Since the malpractice case is a separate action before this Court, Petition II should be reduced by $464. See Pls.' Opp to Suppl. at 5.

D. Unjustified Time Entries

Plaintiffs claim that Petition I includes entries for time spent reviewing dockets, and filing and preparing indexes. The Supreme Court has held that "purely clerical or secretarial tasks should not be billed at a paralegal rate regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10, 109 S.Ct. 2463, 2472 n.10 (1989). Hence, entries for time spent preparing indexes, organizing files, and reviewing dockets should be excluded. Accordingly, Petition I should be reduced by $9,181.20.[5]

E. Inefficient & Excessive Billing

Plaintiffs argue that Gateway's timekeeping in Petition I was inefficient where one senior attorney completed the majority of the work on the litigation, and billed at a premium rate. See Gateway's Reply Suppl. Pet. I. at 8. Gateway argues that the use of one senior attorney was actually cost effective in that it prevented additional attorneys from billing unnecessary hours in order to familiarize themselves with the case. The Court agrees with Gateway and will not reduce Petition I on this basis.

---

[4]On November 5, 2002 Plaintiffs brought a malpractice against the attorneys who previously represented them in the above-captioned cases. See Lans v. Adduci, Mastriani & Schaumberg, Civil Action No. 02-2165.

[5]This figure includes a 20 percent reduction to reflect the billable tasks contained within these entries. See Pls.' Opp. at 5, n.16.

Plaintiffs also argue that Petition I is replete with excessive billing. Plaintiffs refer to extensive teleconferences, conversations, and meetings between counsel. See Pls.' Opp. at 7-8. They also reference the time entries of an associate who spent 30 hours on a meet and confer letter. Id. Gateway counters that the various meetings and teleconferences were with co-defendant counsel, and minimized costs by allowing Gateway to file many documents jointly. See Gateway's Reply Supp. Pet. I. at 9-10. They also argue that the excessive billing for the meet and confer statement was necessitated by Lans' refusal to provide patent assignments. See Mooreland Decl. at ¶ 6. Upon review of the petition, the Court does not find any reason for a deduction.[6]

F. Appeals Issues

Plaintiffs argue that Gateway is not entitled to fees incurred as a result of plaintiffs' appeals. They claim that the appeals were not frivolous, and therefore the fees incurred by Gateway in defending against those appeals must be excluded. See Pls.' Opp. at 9. However, the Federal Circuit has held that 35 U.S.C. § 285 is "applicable to cases in which the appeal itself is exceptional." Rohm & Haas Co. v. Crystal Chemical Co., 736 F.2d 688, 692 (Fed. Cir. 1984). This Court has already found the above-captioned cases to be exceptional under Section 285, and the appeals at issue resulted from those cases.[7] Hence, Gateway is entitled to fees incurred as a result of those appeals.

G. Non-Taxable Expenses

---

[6] Plaintiffs argue that Petition II also contains excessive billing; referencing the number of hours spent preparing the fee petition. However, the Court does not find the hours excessive given the duration and complexity of the case.

[7] See September 6, 2001 Mem.Op.

In Petition I, plaintiffs argue that Gateway is not entitled to non-taxable expenses because 35 U.S.C. § 285 does not require an award for costs.[8]  However, the Federal Circuit interprets attorney fees under 35 U.S.C. § 285 to include "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit."  Mathis, 857 F.2d at 757, quoting Central Soya Co. v. Geo. A. Hormel & Co., 723 F.2d 1573, 1578 (Fed. Cir. 1983).  Moreover, in exceptional cases, "it would be inconsistent with intent of Section 285 to limit the prevailing-party to something less than fees and expenses."  Id. at 758.  Hence, Gateway is entitled to reimbursement for expenses.

H.  Pre-Judgment Interest

A district court has authority "in cases of 'bad faith or other exceptional circumstances' to award prejudgment interest on the unliquidated sum of an award made under [35 U.S.C. § 285]."  Mathis, 857 F.2d at 761.  In it's September 6, 2001 opinion, this Court found that the above-captioned cases were "exceptional" as required for an award of attorneys fees pursuant to 35 U.S.C. § 285.  See September 6, 2001 Mem. Op. at 11, 19.  Accordingly, Gateway is entitled to pre-judgment interest on it's attorney fee award.

I. Post-Judgement Interest

In Petition II, plaintiffs contend that Gateway is not entitled to post-judgment interest until the Court quantifies an appropriate award.  The Federal Circuit has held that interest on an attorney fee award "runs from the date of the judgment establishing the right of the award, not the date of the judgment establishing its quantum."  Mathis, 857 F.2d at 760.  Moreover,  the Supreme Court has held that "the purpose of post-judgment interest is to compensate the

---

[8]Plaintiffs do not oppose expenses included in Petition II.

successful plaintiff...for the loss from the time between ascertainment of the damage and the payment by defendant." Kaiser Aluminum & Chem Corp. v. Bonjorno, 494 U.S. 827, 835-36, 110 S.Ct. 1570, 1576 (1990). Accordingly, Gateway is entitled to post-judgment interest beginning from September 6, 2001.

## CONCLUSION

For the foregoing reasons, Gateway shall be awarded $836,220.84 in attorneys fees minus a 10 percent reduction, $35,661.72 in expenses, and pre-judgment and post-judgment interest for fees requested in Petition I. With respect to Petition II, Gateway shall be awarded $174,802.98 in attorneys fees minus a 10 percent reduction, $9,266.21 in expenses, plus post-judgment interest. An appropriate order accompanies this Memorandum Opinion.

.

**Date: September 30, 2005**                                   **JOHN GARRETT PENN**
                                                               **United States District Judge**